UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

SHAKKA SHANEAK JAMES                          CIVIL ACTION NO. 25-cv-00773

VERSUS                                        JUDGE TERRY A. DOUGHTY

USA ET AL                                     MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions: (1) a Rule 12(b)(1) Motion to Dismiss for Lack of Standing [doc. #72] filed by Defendant City of Natchitoches ("Natchitoches"); and (2) a Motion to Dismiss under Rules 12(b)(5) and 12(b)(6) or Alternative Motion for More Definite Statement [doc. #68] filed by Defendant Cleco Power, LLC ("Cleco").

For the reasons assigned below, **IT IS RECOMMENDED** that Natchitoches' Motion to Dismiss [doc. #72] be **GRANTED IN PART AND DENIED IN PART**. **IT IS FURTHER RECOMMENDED** Cleco's Motion to Dismiss [doc. #68] be **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

Plaintiff Shakka Shaneak James ("James") brought the instant action against Defendants Cleco, Natchitoches, and the Clerk of Court for the 10th Judicial District Court ("Natchitoches

Clerk") [doc. #1].[1]  James brings eights causes of action[2] including: (1) denial of access to courts under 42 U.S.C. § 1983 ("Section 1983"); (2) Section 1983 claims against Cleco;[3] (3) conspiracy to violate civil rights under 42 U.S.C. § 1985(3) ("Section 1985"); (4) retaliation under Section 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (5) Section 1983 claim for violations of the Fifth and Fourteenth Amendments by unlawful taking without just compensation; (6) state law negligence claims; (7) state law abuse of rights and malfeasance in office claims; and (8) state law intentional infliction of emotional distress claims.[4]  [doc. #61].  Specifically, James contends that she has ownership rights in property in Ouachita and Natchitoches Parishes via the 1848 federal land patent issued by then-President James K. Polk.  *Id.*  She further asserts that she has been denied quiet title to her purported property through the actions of the Natchitoches Clerk.  *Id.*  According to James, the Natchitoches Clerk improperly refused to accept her filings, effectively denying her notice and/or procedural safeguards protected under the Fourteenth Amendment.  *Id.*  She argues that she is entitled to preliminary and permanent injunctive reliefs to prevent them from further rejecting her state court petitions, a declaratory judgment that the Natchitoches Clerk acted unconstitutionally, monetary damages, reinstatement of her petitions, and recognition of her patent rights.  *Id.*

---

[1] James initially brought this suit against a multitude of defendants, all of whom were dismissed on August 18, 2025, except for the three defendants mentioned herein.

[2] These are the counts as laid out in the operative pleading, doc. #61.

[3] Count Two only alleges that Cleco is a state actor for purposes of Section 1983, but, given James' pro se status, the Court construes Count Two as extending all Section 1983 claims asserted as against Cleco, as well as the other Defendants.

[4] James does not specify which claims pertain to which Defendants, so the Court proceeds with the following analysis under the assumption that all claims are asserted against all Defendants.

2

In this Court, James has been permitted to proceed in forma pauperis. Because of her pauper status, this Court was compelled to order service by the United States Marshals Service and did so on June 10, 2025. [doc. #11]. Summons has issued as to all three Defendants [doc. #49], and returns have been filed for the Natchitoches Clerk and Cleco [docs. #71, 84].

On November 20, 2025, Cleco filed a Motion to Dismiss. [doc. #68]. Cleco moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). *Id.* Cleco argues that James failed to properly serve them as they were served via mail by James herself, which is improper under Rule 4. *Id.* Further, Cleco argues that James has failed to state a claim upon which relief can be granted. *Id.* Specifically, Cleco argues it is not a state actor to create liability under Section 1983. *Id.* Cleco additionally asserts that James has not presented sufficient facts to support a claim under Section 1985, nor any of the various state claims asserted in the Complaint. *Id.* In the alternative, Cleco moves for a more definitive statement under Rule 12(c), clarifying James' allegations against it.

On December 9, 2025, Natchitoches filed a motion to dismiss for lack of jurisdiction. [doc. #72]. Natchitoches argues that James does not have the requisite standing to bring a claim against Natchitoches. *Id.*

On December 29, 2025, James filed an opposition to both Cleco and Natchitoches' motions to dismiss. [docs. #77, 78]. James argues that Cleco is a state actor because it exercises "a power traditionally and exclusively reserved for the sovereign: the power of eminent domain." [doc. #77-1, p. 2]. Further, James argues that Cleco is liable as a state actor for purposes of her Sections 1983 and 1985 claims under the joint action doctrine, as they conspired with state officials to unconstitutionally seize her land, which additionally supports her state law claims.

3

*Id.* In response to Natchitoches' motion to dismiss, James asserts that she does have standing, as her injuries are fairly traceable to the Defendants and can be redressed by the courts. [doc. #78].

Neither Cleco nor Natchitoches filed a reply to James' opposition and the time to do has elapsed. Accordingly, the matters are now ripe.

<u>LAW AND DISCUSSION</u>

I.    <u>Legal Standard</u>

A.    <u>Rule 12(b)(1)</u>

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. USA & DEA*, 74 F.3d 657, 659 (5th Cir. 1996). When examining a factual challenge to subject matter jurisdiction that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*,

4

104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### B.    Rule 12(b)(5)

A party may raise, by motion, the defense of "insufficient service of process" which encompasses any challenge to the mode of delivery or the lack of delivery of the summons and complaint. *See* FED. R. CIV. P. 12(b)(5); *Baptiste v. Certain Underwriters at Lloyd's. London*, Civ. Action No. 23-4723, 2024 WL 3291735, at *2 (E.D. La. July 3, 2024) (citation omitted). Thus, a party may move to dismiss a complaint under Rule 12(b)(5) if a plaintiff fails to timely serve the party within the time limits set forth in Rule 4(m), which, in turn, specifies that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

Nonetheless, even if the plaintiff fails to demonstrate good cause, the court enjoys the discretionary authority to extend the service period. *In re Taxotere (Docetaxel) Eye Injury*

5

*Products Liab. Litig.*, Civ. Action No. 23-0683, 2024 WL 3811637, at *2 (E.D. La. July 8, 2024) (citation omitted). The court's discretion to dismiss a case for failure to comply with Rule 4(m)'s service deadline is circumscribed when the statute of limitations likely will bar refiling the suit. *Byers v. Navarro Cnty.*, Civ. Action No. 09-1792, 2011 WL 4471024, at *2 (N.D. Tex. Sept. 27, 2011) (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). Indeed, although dismissal of a plaintiff's claims under Rules 12(b)(5) is without prejudice, "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir.1981)).

### C.     Rule 12(b)(6)

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, inter alia, when it contains a "short and plain statement ... showing that the pleader is entitled to relief ..." FED. R. CIV. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal*, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal

evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

### D.    Frivolity Review

The undersigned granted James leave to proceed in forma pauperis in this matter. Accordingly, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The statute applies to prisoner and non-prisoner cases. *See Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B)

7

requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.").

In reviewing James' Complaint, sua sponte, the Court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff[]." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks and citation omitted). Further, a *pro se* litigant's pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Nevertheless, her Complaint, or any portion of her Complaint, may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(i); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* (citing *Neitzke*, 490 U.S. at 327). A complaint lacks an arguable basis in fact "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir. 1995).

## II.    Analysis

### A.    Natchitoches' Motion to Dismiss for Lack of Standing

Natchitoches argues that James has failed to demonstrate the requisite injury in fact, causation, and redressability required to bring the instant suit. [doc. #72]. Natchitoches alleges that James has failed to present more than "generalized grievances and speculative harms" which are insufficient to satisfy Article III's threshold to jurisdiction.

"For purposes of standing, the 'injury in fact' test requires both 'an injury to a cognizable interest' and that 'the party seeking review be himself among the injured.' If the plaintiff was the 'object' of the challenged action, then 'there is ordinarily little question that the action or

8

inaction has caused him injury.'" *Garner v. Moore*, 536 F. App'x 446, 449 (5th Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-63 (1992)) (citation omitted). "[W]hether [a plaintiff] has standing to make the argument is distinct from whether the argument has merit." *United States v. DeCay*, 620 F.3d 534, 538 n.2 (5th Cir. 2010).

To succeed on a claimed denial of access to courts, a plaintiff must show that she lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access prevented her from filing or caused her to lose a case that attacks either her conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id*. at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

However, by James' own admission, on May 27, 2025, Natchitoches did ultimately accept her filings after she corrected clerical errors. [doc. #1, p.3]. While James contends that her filing was only accepted after she submitted a "genealogical link establishing her rightful claim to the property," this alleged fact is irrelevant to the underlying Sections 1983 and 1985 claims, as well as the various other claims James has put forth. *Id*. "As long as the plaintiff is able to file suit, the right of access is not abridged." *Dupard v. Lopinto*, 2020 U.S. Dist. LEXIS 54570, 2020 WL 1503619, at *17 (E.D. La. Mar. 30, 2020); *see also Doe v. Dantin*, 2015 U.S. Dist. LEXIS 78529, 2015 WL 3772133, at *3 (E.D. La. June 17, 2015). The acceptance of her filings remedied any injury which James would have suffered as a result of Natchitoches'

9

"refusal to accept or process Plaintiff's petitions."  Therefore, James has not established an injury in fact to satisfy Article III as to her claim under Section 1983 for denial of access to the courts.

James' claim to the land through the federal land patent spans "one hundred and seventy-seven…years, multiple generations, and a plethora of heirs" with little in the way of connection between James and the familial group she asserts have claim to the land calls into question not only the merits of her claim, but the traceability the courts must examine in determining standing. [doc. #72-1, p.2].  Taking all facts pled by James as true, the Court must determine the traceability between Defendants' alleged actions and the alleged injury.  *Lujan*, 504 U.S. at 561-63; *Garner*, 536 F. App'x at 449.  Regarding the Fifth and Fourteenth Amendment Takings claim, James has not demonstrated the necessary traceability to any action by Defendants and any alleged injury she suffered.  Beyond a mere conclusory statement that James is related to the individual who owned the land nearly two hundred years ago, there is little to support this claim or that James would now have a claim to the land which has been impacted.  James' claim seems to be, at best, an attempt to vindicate the rights of a third-party, an alleged ancestor, with any injury to James herself being too speculative to establish proper standing.  Therefore, James also fails to establish that she has standing to bring her fourth claim, unlawful taking, against Defendants.

Accordingly, **IT IS RECOMMENDED** that Natchitoches' Motion to Dismiss [doc. #72] be **GRANTED IN PART** and **DENIED IN PART**.  **IT IS RECOMMENDED** that Natchitoches' motion be **GRANTED** insofar as it seeks dismissal of James' Section 1983 claims for denial of access to the courts and for her claims for unlawful taking via Section 1983. Therefore, **IT IS RECOMMENDED** that James' first count, denial of access to courts, and

fourth count, unlawful taking, be **DISMISSED WITH PREJUDICE**. The motion is **DENIED** insofar as it seeks dismissal of James' other claims on grounds of lack of standing.[5]

### B.   Cleco's Motions

Cleco first argues that James' Complaint should be dismissed under 12(b)(5). [doc. #68]. Cleco submits that James' service of process upon Defendants was insufficient because the Notice of Mailing [doc. #67] filed by James is not compliant with Rule 4 of the Federal Rules of Civil Procedure. Specifically, Cleco argues that the notice confirms that James mailed the complaint to Cleco and, as a party, James is prohibited from attempting to effectuate process. [doc. #68-1, p. 8].

> Pursuant to Fed. R. Civ. P. 4(c), proper service upon a defendant requires:
>
> (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> (2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.
> (3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916.

Here, Cleco is correct that the attempted service of process demonstrated in James' Notice of Mailing [doc. #67] was not compliant with Rule 4(c). However, since the filing of Cleco's motion to dismiss, a summons has been returned executed by the United States marshal showing that Cleco was properly served on April 4, 2026. [doc. #84]. Because James has been granted leave to proceed in forma pauperis, the Court was required to order service via a

---

[5] The Court will address the remainder of the claims brought against Natchitoches under its following frivolity review.

marshal. Given the subsequent service by the Marshals Service, Cleco's immediate claim regarding service is rendered moot. Accordingly, **IT IS RECOMMENDED** that insofar as Cleco seeks dismissal of James' claims under Rule 12(b)(5) for improper service, the motion to dismiss [doc. #68] be **DENIED**.

Cleco additionally filed a motion to dismiss pursuant to Rule 12(b)(6). [doc. #68]. The Court will address the merits of each of the claims made against Cleco in the following sections.

    *1.*    *James' Section 1983 Claims for Denial of Access and Unlawful Taking*

First, Cleco argues that James has failed to state a claim under 42 U.S.C. § 1983. *Id.* Cleco argues that James cannot bring a proper Section 1983 claim against Cleco, as it is not a state actor, nor has it engaged in any behavior which would be considered state action to open it to liability under Section 1983. *Id.* Cleco points to *Jackson v. Metro. Edison Co.*, in which the Supreme Court held that utilities companies, despite the fact that they are subject to state regulation and provide essential public services, were not state actors. 419 U.S. 350-51 (1974). Further, Cleco asserts that James has failed to establish that Cleco specifically violated any of her constitutional rights.

James filed an opposition to Cleco's motion on December 29, 2025, arguing that Cleco's relationship with the state goes beyond mere regulation. [doc. #77-1]. Specifically, James argues that under the framework of *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 622 (1991) the delegation of the state of Louisiana's expropriation power to private power companies amounts to the performance of a government function with the assistance of state law. *Id.* James further argues that this expropriation power establishes Cleco's liability under Section 1985 and demonstrates Cleco's taking of James' property without due process.

James does not provide, nor does there appear to be, any precedent which extends Section 1983 and 1985 liability to private entities delegated expropriation power. However, even assuming *arguendo* that delegation of such power was sufficient to establish Cleco as a state actor for purposes of Section 1983 and 1985, James has failed to plead a claim upon which relief can be granted.

First, James has not alleged an injury that she suffered as a result of Cleco's actions which can be remedied by this Court. James alleges that Cleco has violated her right to due process by occupying land she asserts she has claim to by "denying her access to the state courts to assert her federally recognized property interests." [doc. 61]. To the extent James alleges that Cleco violated her right to due process when they took possession of the land, this claim is unfounded. Cleco's "taking" of the land would have at most, been a violation of the rights of James' ancestors' right to the land.[6] James did not, at the time that Cleco took possession of the land, have any right to the land and could not, therefore, have due process rights that were denied by Cleco's "taking". Additionally, there is also nothing in James' pleadings to support that Cleco has engaged in any action to deny James her due process rights in her most recent court filings because, as previously noted, James' pleadings were ultimately accepted by the court. Thus, insofar as James alleges Cleco is liable for a Section 1983 claim for denial of access to the courts and unlawful taking without just compensation, she has failed to state a claim against Cleco, and the Section 1983 claims against it must be dismissed.

---

[6] Further, James has not presented any allegations demonstrating that Cleco would be liable to *any* party for unconstitutional taking of land.

2.    *James' Title VII and Section 1983 Retaliation Claims*

James' final Section 1983 claim against Cleco for retaliation and violations of Title VII similarly fail. To sue under Title VII, a purported plaintiff must establish statutory standing. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011). Unlike Article III standing, statutory standing is not jurisdictional. Instead, it asks the "merits question" of "whether or not a particular cause of action authorizes an injured plaintiff to sue." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008). There are three elements to a prima facie case of retaliation under Title VII: (1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action. *See Evans v. City of Hous.*, 246 F.3d 344, 352 (5th Cir. 2001).

Similar to Title VII, under a Section 1983 retaliation claim, the plaintiff has the burden of proving that (1) the plaintiff suffered an adverse employment decision; (2) the plaintiff's speech involved a matter of public concern; (3) the plaintiff's interest in commenting on matters of public concern outweighs the defendant's right in promoting efficiency; and (4) the plaintiff's speech motivated the adverse employment action. *Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 601 (5th Cir. 2001) (citation omitted).

Because both of these claims require an employment relationship between the parties, James must demonstrate via her pleadings that such a relationship existed. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011); *Simmons v. UBS Fin. Servs.*, 972 F.3d 664 (5th Cir. 2020) ("It would be a remarkable extension of *Thompson*—and of Title VII generally—to rule that a nonemployee has the right to sue."). James did not allege any such employment relationship between herself and any of the named Defendants. Without any such relationship,

14

James failed to state a claim under Section 1983 and Title VII, and those claims against Cleco must be dismissed.

### 3.    James' Claims under Section 1985

Next, Cleco argues that James failed to state a claim under 42 U.S.C. § 1985. [doc. #68]. Cleco reiterates the earlier argument that James has failed to establish a plausible claim that Cleco worked in conjunction with the other Defendants in order to deprive James of her constitutional rights. *Id.* Given this, Cleco asserts that it can not be found liable for Section 1985, as no facts have been alleged to suggest a conspiracy took place. *Id.*

The relevant part of section 1985(3), "making it unlawful to engage in a conspiracy to deprive individuals the 'equal protection of the laws' . . . includes a requirement to plead race-based animus." *Cervini v. Cisneros*, 2022 U.S. Dist. LEXIS 51761, 2022 WL 867034, at *5 (W.D. Tex. Mar. 23, 2022); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000) (requires "an allegation of a race-based conspiracy"); *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (noting that while the Supreme Court has stated this provision may cover other types of class-based discrimination in additional to race, it has still "never held that nonracial animus is sufficient. And [the Fifth Circuit] ha[s] held racial animus is required: In this circuit the only conspiracies actionable under section 1985(3) are those motivated by racial animus.").

The allegations in James' Amended Complaint have nothing to do with race. [doc. #61]. James alleges that Defendants "conspired to deprive Plaintiff of her constitutional rights, including equal protection and due process, by coordinated actions such as denial of court access, unlawful taking of property, and retaliatory conduct." *Id.* at 4. Beyond this conclusory statement alleging a conspiracy, there is no mention of James' race or any alleged conduct that

would even remotely suggest racial animus. The section 1985 claims against Cleco must, therefore, be dismissed with prejudice.

### 4. *James' Remaining State Law Claims*

Finally, Cleco argues that James has failed to state a claim as a matter of law on any of the additional state law claims put forth in the Complaint: abuse of rights, malfeasance in office, negligence, or intentional infliction of emotional distress. Because it is a private power company and not a public office, Cleco argues that they did not owe James a ministerial duty to accept her filings for the quiet title action or in any way commit abuse of rights or malfeasance in office. [doc. #68]. Cleco also asserts that this lack of duty to James precludes the claim of negligence filed against them. *Id.*

The Court agrees. In Louisiana, a plaintiff must prove the following for a claim of malfeasance:

> (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or (2) Intentionally perform any such duty in an unlawful manner; or (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner; or (4) Willfully and knowingly subject any person to the deprivation of any right, privilege, or immunity secured or protected by the United States Constitution and laws, if serious bodily injury or death results.

La. R.S. 14:134. Nothing in James' Complaint alleges that Cleco owed her a duty to "accept and properly process filings" as a private entity. A plaintiff may not simply allege that a duty existed, particularly to perform a task which is not within the purview of a private entity. While a claim of malfeasance in office could permit a claim against a defendant without a duty prescribed to them *specifically*, James has still not adequately pled any alternative form of the claim. Given the lack of any alleged duty owed by Cleco to James, the first two possible avenues to assert a claim of malfeasance are similarly inadequately pled. Further, as discussed

16

above, James has not alleged any facts beyond mere conclusory statements that Cleco was in any way in a conspiracy involving a public officer, public employee, or other public entity which would support a claim of malfeasance in office under the third avenue. James has also not alleged any bodily injury or death which has resulted from any of Cleco's actions, barring the fourth and final avenue. Therefore, James has failed to plead a claim for malfeasance in office.

The same result follows for James' abuse of rights claim. To prove the tort claim for abuse of rights, the plaintiff must show one of the following:

> (1) the predominant motive for the defendant's exercise of a right is to cause harm; (2) that there is no legitimate motive for the exercise of the defendant's right; (3) exercising the right violates moral rules, good faith, or elementary fairness; or (4) the exercise of the right is for a purpose other than that for which it was granted.

*Shelton v. Bd. of Supervisors of S. Univ. & Agric. & Mech. Coll.*, 532 F. App'x 558, 563 (5th Cir. 2013) (citing *Steier v. Heller*, 732 So. 2d 787, 791 (La. Ct. App. 1999) (citations omitted)). James has not pled any right Cleco exercised (which is itself fatal to this claim). Nevertheless, even if the Court presumes Cleco's use of the land is the right allegedly causing James harm,[7] she has not alleged that Cleco exercised its right to the land for the predominant motive to cause harm, without legitimate motive, without good faith, or outside of the purpose the right was granted for. James has made no allegations that Cleco has gone beyond its intended purpose of providing power and utility services in its use of the land. Further, James has made no allegations that this purpose is not legitimate or would somehow violate principles of good faith. Therefore, James' claims of abuse of rights against Cleco should be dismissed.

---

[7] If James instead meant that Cleco's alleged refusal to accept her filings was the right exercised to her detriment instead, this claim would fail for reasons already articulated. James has not properly alleged that Cleco had any such right, or ability, to affect her ability to access the courts or that it exercised any such right.

17

James' negligence claim against Cleco also fails. The elements for a negligence claim under Louisiana law are:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element).

*Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 473 (La. 2023). Again, James has failed to show that Cleco owed her a duty. Therefore, James failed to properly plead a claim of negligence against Cleco.

Finally, Cleco asserts that James has not alleged conduct by Cleco which would rise to the level of "extreme and outrageous" required to support a claim for intentional infliction of emotional distress. [doc. #68] (citing *Nicholas v. Allstate Ins. Co.*, 1999-2522 (La. 8/31/00), 765 So.2d 1017, 1024–25). Similar to the analysis above for abuse of rights, it is unclear what conduct Cleco has engaged in at all, much less how such conduct would rise to the level of extreme and outrageous the law requires. The undersigned has concluded that James has failed to establish plausible claims against Cleco of any kind; therefore, it follows that she cannot establish that their alleged conduct in holding land long ago transferred to it somehow supports her intentional infliction of emotional distress claim. Further, James has not alleged any emotional distress which resulted from the actions of any of Defendants. Therefore, James' claims of intentional infliction of emotional distress against Cleco should be dismissed as well.

Accordingly, **IT IS RECOMMENDED** that Cleco's 12(b)(6) Motion to Dismiss be **GRANTED**, and all claims against Cleco be **DISMISSED WITH PREJUDICE**.

18

C.      **Frivolity Review**

The Court will now analyze the remaining claims against the two additional Defendants under the frivolity standard. As outlined previously, the legal standard applied to a frivolity review of a plaintiff filing in forma pauperis is identical to the standard applied to a motion under Rule 12(b)(6). 28 U.S.C. S 1915(e); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Black v. Warren*, 134 F.3d 732, 733 (5th Cir.1998).

If this Court finds James' Complaint or any part of it to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. §1915(e); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

*1.      Claims against Natchitoches*

Looking first at the remaining Section 1983 claim against Natchitoches, James has failed to state a claim upon which relief can be granted.[8] In *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689 (1978), the Supreme Court held that municipalities and other local governmental bodies are "persons" within the meaning of Section 1983, but that, since there is no respondeat superior liability under Section 1983, a municipality may not be held liable under Section 1983 solely because it employs a tortfeasor. A plaintiff seeking to impose liability on a municipality under Section 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of

---

[8] The same analysis would apply should James be able to establish standing for her fifth cause of action for unlawful taking without just compensation.

19

those officials whose acts may fairly be said to be those of the municipality. *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403-404 (1997).

James has not alleged a municipal policy or custom which deprived her of her constitutional rights, but instead only cites the instances in which the clerk of court did not accept her filings. Since there is no supervisory liability under Section 1983, James has not stated a claim against Natchitoches that is cognizable under Section 1983, and her claims against the Natchitoches should be dismissed as frivolous.

Additionally, James has failed to state a claim under Section 1985 and Title VII against Natchitoches for the same reasons outlined in the analysis of Cleco's motion to dismiss. James' merely conclusory statement that some conspiracy existed between Cleco and Natchitoches is insufficient. Further, James makes no allegation that she was at any point in an employment relationship with Natchitoches. Without such pleadings, James' Title VII claim is inadequate on the face of the complaint. Thus, all remaining federal claims against are frivolous and should be dismissed.

### 2.    *Claims against the Natchitoches Clerk*

Finally, James seeks relief from the Natchitoches Clerk in his or her official and individual capacity. [doc. # 1, p. 2]. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ." *Monell*, 436 U.S. at 691. Consequently, the Court must conduct a municipal liability analysis under the *Monell* framework. *See Southard v. Tex. Bd. of Crim. Just.*, 114 F.3d 539, 551 (5th Cir. 1997) (noting the § 1983 liability standards for a municipality are the same as those for "an individual to whom the municipality has delegated responsibility to directly supervise the employee").

"[M]unicipalities cannot be held liable for constitutional torts under § 1983 'on a respondeat superior theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Burge,* 187 F.3d at 471 (quoting *Monell,* 436 U.S. at 691); *Evett v. DETNTFF,* 330 F.3d 681, 689 (5th Cir. 2003). Under *Monell,* a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)).

Here, James does not allege that the Natchitoches Clerk implemented an unconstitutional policy, practice, custom, or procedure that deprived her of any constitutional right. Rather, she suggests that the Natchitoches Clerk was not authorized by policy to remove her filings, alleging, "No authorization for removal given . . . ." [doc. # 12, p. 2].

Instead of describing policy, James simply recounts the effects of some isolated and unidentified action or omission. *See McWilliams v. City of Houston,* 2022 WL 17337820, at *6 (5th Cir. Nov. 30, 2022) ("Plaintiffs' allegations are conclusory insofar as they are only based on Stephen's interaction with the individual defendants."); *Ratliff v. Aransas Cty., Tex.,* 948 F.3d 281, 285 (5th Cir. 2020) (finding no custom where "the complaint's only specific facts appear in the section laying out the events that gave rise to this action."); *Yates v. Unidentified Parties,* 73 F. App'x 19, 20 (5th Cir. 2003) ("Yates's complaint amounts to no more than an isolated incident, which will not trigger official liability on Sheriff Strain's part."). Accordingly, the Court should dismiss these claims.

21

As to the claims against the Natchitoches Clerk's in his or her individual capacity, they fail for the same reasons as they failed against the earlier Defendants. James admitted in her complaint that her petition was eventually accepted by the Natchitoches Clerk, barring any claims stemming from denial of access to the courts. Further, James' conclusory statements regarding conspiracies are insufficient to support a claim against any of the defendants. Finally, James has not alleged the requisite employment relationship with any of the defendants to support a claim under Title VII.

### D. Exercise of Supplemental Jurisdiction over Remaining State Law Claims and Unlawful Taking Claim

James brought the instant suit under federal question jurisdiction, and all claims which invoke federal question doctrine have been recommended for dismissal, and, thus, the undersigned might recommend that the Court decline to exercise supplemental jurisdiction over James' state law claims. However, James also claims to be a "resident of a foreign state" which could invoke diversity jurisdiction. Thus, for the reasons stated, **IT IS RECOMMENDED** that the Court exercise supplemental jurisdiction and dismiss the remaining state law claims for the reasons stated, *infra*.

### CONCLUSION

For the reasons stated above,

**IT IS RECOMMENDED** that Natchitoches' Motion to Dismiss [doc. #72] be **GRANTED IN PART AND DENIED IN PART**. **IT IS RECOMMENDED** that Natchitoches' motion [doc. #72] be **GRANTED** insofar as it seeks dismissal of James' Section 1983 claims for denial of access to the courts and for her claims for unlawful taking via Section 1983. Therefore, **IT IS RECOMMENDED** that James' first count, denial of access to courts, and fourth count, unlawful taking, be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER**

**RECOMMENDED** that the motion is be **DENIED** insofar as it seeks dismissal of James' other claims on grounds of lack of standing.

**IT IS FURTHER RECOMMENDED** Cleco's Motion to Dismiss [doc. #68] be **GRANTED** and all claims against Cleco be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all James' remaining claims be **DISMISSED WITH PREJUDICE** as frivolous for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 2nd day of June, 2026.

*Kayla Dye McClusky*

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE